# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD WEATHERSPOON, | ) | CASE NO. 4:22 CV 479 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| FCI ELKTON WARDEN, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Edward Weatherspoon filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He is currently incarcerated in the Elkton Federal Satellite Low Correctional Institution ("FSL-Elkton"), having been convicted in the United States District Court for the Southern District of Indiana on charges of possession with intent to distribute 50 grams or more of methamphetamine (actual) and 500 grams or more of methamphetamine (mixture). He was sentenced to a mandatory minimum sentence of 240 months followed by 10 years of post release control. In his Petition, he asserts that the Bureau of Prisons ("BOP") denied his request for early release to home confinement under the CARES Act, 18 U.S.C. § 3624(c). He claims his custody classification, institutional adjustment and medical history make him a more favorable candidate for release to home confinement than other inmates who were granted that relief. He claims this is a violation of equal protection. He asks this Court to Order the BOP to re-evaluate his eligibility for home confinement under the CARES Act.

## I. Procedural Background

Petitioner pled guilty in the United States District Court for the Southern District of Indiana to possession with intent to distribute 50 grams or more of methamphetamine (actual) and 500 grams or more of methamphetamine (mixture). The Court sentenced him on March 2, 2012 to a mandatory minimum sentence of 240 months followed by 10 years of post release control. He is currently serving his sentence in FSL-Elkton.

In March 2020, President Donald Trump signed the CARES Act into law, in part, expanding the length of time for which the United States Attorney General is authorized to place a prisoner in home confinement at the end of his sentence under 18 U.S.C. § 3642(c)(2). Petitioner contends that the Attorney General issued two Memoranda with respect to the CARES Act. In one of these documents, he instructed the BOP to review the inmates who have COVID-19 risk factors to determine their suitability for home confinement, particularly inmates incarcerated in FCI Oakdale, FCI Danbury and FCI Elkton due to the spread of the virus in those institutions. Petitioner claims that although he has type II diabetes, hypertension, and morbid obesity, he was not placed on early home confinement.

On June 20, 2021, Petitioner made a formal request to FSL-Elkton officials for consideration for home confinement placement under the CARES Act. Officials at FSL-Elkton denied his request on July 20, 2021, stating he was not eligible for home confinement due to his past history of violence. Petitioner contends they were referring to his prior state convictions for battery, carrying a concealed weapon and trafficking in marijuana. He disputes that the battery offense constitutes a crime of violence claiming under Indiana law it is considered a Class A misdemeanor. He claims he was found guilty of the offense because he injured another individual with broken glass while

attempting to enter a residence. He contends he appealed that decision to the FSL-Elkton Warden, and the BOP Regional Director but received the same answer. He contends he appealed that decision to the BOP Central Office in Washington D.C. but they did not respond.

Petitioner has now filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He claims he met all the criteria set forth by the United States Attorney General for early release to home confinement but was nonetheless refused consideration. He contends offenders with more violent convictions were released to home confinement under the CARES Act. He asserts the criteria for release have been applied arbitrarily and capriciously. He further asserts he has been denied Equal Protection. He asks this Court to order the BOP to re-evaluate his request for early release to home confinement and to consider the prior crime in light of its meaning under Indiana law.

## II. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134,

141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243)

### III. Discussion

While 18 U.S.C. § 3624(c) authorizes the BOP to consider placing an inmate in home confinement, a prisoner is not automatically entitled, or guaranteed, such placement for any amount of time. 18 U.S.C. § 3624(c). *See also Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Heard v. Quintana*, 184 F.Supp. 3d 515, 520 (E.D. Ky. 2016); *Boals v. Quintana*, No. 5:15-cv-335-JMH, 2015 WL 8665404, at *2 (E.D. Ky. Dec. 11, 2015). Rather, "the decision to place an inmate in home confinement is discretionary and will be 'determined on an individual basis' according to the factors in 18 U.S.C. § 3621(b)." *Boals*, 2015 WL 8665404 at *2 (citing *McIntosh v. Hickey*, No. 10-cv-126-JMH, 2010 WL 1959308, at *3 (E.D. Ky. May 17, 2010)). In the wake of the COVID-19 pandemic, the BOP's authority to place an inmate on home confinement was expanded under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), § 12003(b)(2), which provides:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the Director of the Bureau [of Prisons] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act, Pub.L. 116-136, Div. B., Title II, § 12003(b)(2). On April 2, 2020, the Attorney General declared that because of COVID-19, emergency conditions were materially affecting the functioning of the BOP, and the BOP Director had authority to grant home confinement to a larger group of prisoners. *See United States v. Read-Forbes*, No. 12-20099-01-KHV, 2020 WL 1888856,

at *5 (D. Kan. Apr. 16, 2020). The CARES Act, however, does not give Courts the authority to grant home confinement requests or to review the decisions of the BOP. To the contrary, the BOP's placement decisions, including determinations regarding home confinement, are expressly insulated from judicial review, as the provisions of the Administrative Procedures Act ("APA") do not apply to such decisions. 28 U.S.C. § 3625. This Court cannot grant his requested relief.

## IV.     Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.


Dated: June 17, 2022                     /s/ John R. Adams
                                         JOHN R. ADAMS
                                         UNITED STATES DISTRICT JUDGE